UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re:

Juan G Yepez, and
Veronica Yepez

        Debtors

Chapter 13
Case No.  13-44976

Honorable Judge Carol A. Doyle

MOTION FOR RELIEF FROM AUTOMATIC STAY OR IN THE ALTERNATIVE FOR CASE DISMISSAL

    NOW COMES McCormick 103, LLC ("McCormick") through its attorney Rocio Herrera of Noonan & Lieberman, Ltd and hereby moves this Honorable Court for relief from the automatic stay as to real property of Juan G. Yepez and Veronica Yepez (collectively, the "Debtors") commonly known as: 8710 S. Commercial Avenue, Chicago IL 60617 ("8710 Commercial"), 8712 S. Commercial Avenue, Chicago, IL 60617 ("8712 Commercial") and 10429 S. Ewing, Chicago, IL 60617 ("Ewing Property"), (collectively the "Properties") pursuant to 11 U.S.C. § 362(d)(1). In the alternative, McCormick moves this Court for case dismissal pursuant to 11 U.S.C. § 1307 (c)(6). In further support of this Motion, McCormick states as follows:

**JURISDICTION AND VENUE**

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois and 11 U.S.C. § 362.

2. This is a "core" proceeding pursuant to 28 U.S.C. §§ 157(a) and (b).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Case Background**

4. On November 20, 2013, the Debtors filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

5. The Debtors' chapter 13 plan was confirmed on March 25, 2014.

6. The Debtors' plan provides for 4 monthly payments of $5,000.00 and 56 monthly payments of $5,745.00.

7. As of August 6, 2018, the Debtors were $11,348.00 in default on Chapter 13 plan payments.

I. THE AUTOMATIC STAY SHOULD BE MODIFIED AS TO 8710 COMMERCIAL AND 8712 COMMERCIAL PURSUANT TO 11 U.S.C. § 362(d)(1).

8. Prior to filing this case, the Debtors obtained a loan from MB Financial Bank, N.A. ("Lender"). As consideration for the loan, the Debtors executed a note on February 15, 2010, in the amount of $173,646.52 ("Commercial Note"). (See Commercial Note attached hereto and incorporated herein as Exhibit "A").

9. The Commercial Note is secured by two mortgages, both executed on February 15, 2010. One mortgage grants Lender a security interest in 8710 Commercial (the, "8710 Mortgage"). (See the 8710 Mortgage attached hereto and incorporated herein as Exhibit "B").

10. The other mortgage grants Lender a security interest in 8712 Commercial (the, "8712 Mortgage"). (See the 8712 Mortgage attached hereto and incorporated herein as Exhibit "C").

11. McCormick is currently the holder of the Commercial Note. (See Ex. A).

12. Pursuant to the Debtors' Schedules, 8710 Commercial and 8712 Commercial had a combined value of $86,816.00, which was less than the amount owed on the Commercial Note and as such, the Debtors' Confirmed Plan bifurcated McCormick's claim.

13. Section 3.1(a) of the Debtors' Confirmed Plan, bifurcated McCormick's claim. McCormick's claim was bifurcated into a secured claim of $86,816.00, the rest was to be treated as unsecured.

14. McCormick's claim for 8710 Commercial and 8712 Commercial is paid by the Trustee and currently there is an unpaid balance of $8,489.33.

15. Therefore, Debtors' failure to remain current on chapter 13 plan payments adversely affects McCormick.

16. In addition, the Debtors have failed to pay post petition property taxes for 8710 Commercial and 8712 Commercial.

17. As of August 1, 2018, $3,657.84 in property taxes on 8710 Commercial is due and unpaid. (See Property Tax Overview attached as Exhibit "E")

18. Likewise, of August 1 2018, $2,337.95 in property taxes on 8712 Commercial is due and unpaid. (See Property Tax Overview attached as Exhibit "F")

19. McCormick has an interest in 8710 Commercial and 8712 Commercial and as such McCormick will be adversely affected if the property taxes are sold because of the Debtors' failure to pay.

20. Likewise, McCormick does not have proof of hazard insurance for 8710 Commercial or 8712 Commercial.

21. According to the Debtors' Bankruptcy Schedules and Confirmed Plan, there is no equity in 8710 Commercial and 8712 Commercial.

22. Therefore, the Debtors' failure to pay post petition property taxes, maintain property insurance and make chapter 13 plan payments has resulted in a lack of adequate protection for McCormick.

23. For all of the above states reasons, McCormick respectfully requests that this Court modify the stay pursuant to 11 U.S.C. § 362(d)(1) as to 8710 Commercial and 8712 Commercial, so that McCormick may foreclose, evict and pursue any other state court remedies available.

24. Movant requests that Bankruptcy Rule 4001(a)(3) not apply to any Order granting this motion and that any order be effective despite conversion of this matter to any other Chapter under the United States Bankruptcy Code.

II.    THE AUTOMATIC STAY SHOULD BE MODIFIED AS TO THE EWING PROPERTY PURSUANT TO 11 U.S.C. (d)(1).

25. Prior to filing this case, the Debtors obtained a loan from MB Financial Bank, N.A. ("Lender"). As consideration of the loan, Debtors executed a note on November 17, 2008 ("Ewing Note") in the amount of $162,000.00. (See attached Mortgage documents attached as Exhibit "D").

26. The Ewing Note secured is by a mortgage executed on the same date, which grants Lender an interest in the Ewing Property. (See Ex. D).

27. Currently, McCormick is the holder of the Ewing Note. (See Allonge attached to Ex. D).

28. Debtors' Schedules and Confirmed Plan alleged there was no equity in the Ewing Property and as such, Section 3.1(b) of the Confirmed Plan bifurcated McCormick's claim. McCormick's claim was bifurcated into a secured claim of $95,833.00, the rest was to be treated as unsecured.

29. The Trustee pays McCormick's claim for the Ewing Property and currently there is an unpaid balance of $9,371.23.

30. Therefore, Debtors' failure to remain current on chapter 13 plan payments adversely affects McCormick.

31. In addition, the Debtors have failed to timely pay post petition property taxes that have come due for the Ewing Property.

32. As of August 1, 2018, the 2017 first installment property tax bill is due and remains unpaid. At this time, the amount due is $2,799.22. (See Property Tax Overview attached as Exhibit "G")

33. Furthermore, McCormick does not have proof of hazard insurance for the Ewing Property.

34. According to the Debtors' Schedules and Confirmed Plan, there is no equity in the Ewing Property.

35. Therefore, the Debtors' failure to pay post petition property taxes, maintain property insurance and make chapter 13 plan payments has resulted in a lack of adequate protection for McCormick.

36. For all of the above stated reasons, McCormick respectfully requests that this Court modify the stay pursuant to 11 U.S.C. § 362(d)(1) as to the Ewing Property, so that McCormick may foreclose, evict and pursue any other state court remedies.

37. Movant requests that Bankruptcy Rule 4001(a)(3) not apply to any Order granting this motion and that any order be effective despite conversion of this matter to any other Chapter under the United States Bankruptcy Code.

III.     THE CASE SHOULD BE DISMISSED PURSUANT 11 U.S.C. § 1307 (c)(6).

38. Should this Court not modify the stay as requested above, McCormick respectfully requests the instant case be dismissed pursuant to §1307(c)(6), as the Debtors have failed to timely make chapter 13 plan payments as required under the Confirmed Plan

WHEREFORE, McCormick 103, LLC, its successors and/or assigns, prays that this Honorable Court enter an Order modifying the restraining provisions of §362(d), or in the alternative dismissing the instant case so that McCormick, its successors and/or assigns may foreclose, evict and pursue any other state court remedies with respect to real property commonly known as : 8710 S. Commercial Avenue, Chicago IL 60617, 8712 Commercial Avenue, Chicago, IL 60617 and 10429 S. Ewing, Chicago, IL 60617, waiving the requirements of Rule 4001(a)(3), and for such other and further relief as this Court may deem just.

Respectfully Submitted,

By:  /s/Rocio Herrera
Attorney number 6303516
Noonan & Lieberman Ltd.
105 West Adams, Suite 1800
Chicago, Illinois 60603
(312) 431-1455