

*0955*

mb financial bank N.A.

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $173,464.52 | 02-15-2010 | 11-15-2013 | [redacted] | 160 / 95 | LR [redacted] | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Juan Yepez
Veronica Yepez
10648 S. Avenue B
Chicago, IL 60617

**Lender:** MB Financial Bank, N.A.
Retail Banking - South Chicago
3030 E. 92nd Street
Chicago, IL 60617

**Principal Amount: $173,464.52** **Date of Note: February 15, 2010**

**PROMISE TO PAY. Juan Yepez and Veronica Yepez ("Borrower") jointly and severally promise to pay to MB Financial Bank, N.A. ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Hundred Seventy-three Thousand Four Hundred Sixty-four & 52/100 Dollars ($173,464.52), together with interest on the unpaid principal balance from February 15, 2010, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 7.500%, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**

**PAYMENT. Borrower will pay this loan in 44 regular payments of $1,225.54 each and one irregular last payment estimated at $168,130.95. Borrower's first payment is due March 15, 2010, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on November 15, 2013, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.**

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: MB Financial Bank, N.A., Loan Servicing, 6111 N. River Road Rosemont, IL 60018.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment or $25.00, whichever is greater.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by 5.000 percentage points. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

Case 13-44976   Doc 93-3   Filed 08/07/18   Entered 08/07/18 15:21:17   Desc Exhibit
A   Page 2 of 6

Loan No: ▉▉▉▉▉▉

**PROMISSORY NOTE**
**(Continued)**

Page 2

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Illinois.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**CONFESSION OF JUDGMENT.** Borrower hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Borrower for the unpaid amount of this Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower hereby waives and releases any and all claims or causes of action which Borrower might have against any attorney acting under the terms of authority which Borrower has granted herein arising out of or connected with the confession of judgment hereunder.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $20.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COMPLIANCE WITH FEDERAL LAW.** Borrower shall (a) ensure that Borrower, Guarantor or any related subsidiary is not and shall not be listed on the Specially Designated Nationals and Blocked Person List or other similar lists maintained by the Office of Foreign Assets Control ("OFAC"), the Department of the Treasury or included in any Executive Orders, (b) not use or permit the use of the proceeds of the Loans to violate any of the foreign asset control regulations of OFAC or any enabling statute or Executive Order relating thereto, and (c) comply with and or cause each subsidiary to comply with all applicable Bank Secrecy Act ("BSA") laws and regulations, as amended. As required by federal law and Lender's policies and practices, Lender may need to obtain, verify and record certain customer identification information and documentation in connection with opening or maintaining accounts, or establishing or continuing to provide services.

**WAIVER.** BORROWER HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVES AND RELINQUISHES:
 (1) ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING (i) TO ENFORCE OR DEFEND ANY RIGHTS UNDER OR RELATED TO THIS NOTE AND (ii) ARISING FROM ANY DISPUTE OR CONTROVERSY IN CONNECTION WITH THIS NOTE AND AGREES THAT ANY
  SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A JUDGE AND NOT A JURY;
 (2) EVERY DEFENSE TO BORROWER'S OBLIGATION UNDER THIS NOTE, INCLUDING, WITHOUT LIMITATION, BREACH OF THE IM-PLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND ANY CAUSE OF ACTION, COUNTERCLAIM OR SETOFF WHICH BORROWER MAY HAVE TO ANY ACTION BY LENDER IN ENFORCING THIS NOTE.

**TAX RESERVES.** Borrower agrees to establish a reserve account to be retained from the loans proceeds in such amount deemed to be sufficient by Lender and shall pay monthly into that reserve account an amount equivalent to 1/12 of the annual real estate taxes, as estimated by Lender, so as to provide sufficient funds for the payment of each year's taxes one month prior to the date the taxes become delinquent. Borrower shall further pay a monthly pro-rata share of all assessments and other charges which may accrue against the Property. If the amount so estimated and paid shall prove to be insufficient to pay such taxes, assessments and other charges, Borrower shall pay the difference on demand of Lender. All such payments shall be carried in an interest-free reserve account with Lender, provided that if this Note is executed in connection with the granting of a mortgage on a single-family owner-occupied residential property, Borrower, in lieu of establishing such reserve account, may pledge an interest-bearing savings account with Lender to secure the payment of estimated taxes, assessments, and other charges. Lender shall have the right to draw upon the reserve (or pledge) account to pay such items, and Lender shall not be required to determine the validity or accuracy of any item before paying it. Nothing in the Note shall be construed as requiring Lender to advance other monies for such purposes, and Lender shall not incur any liability for anything it may do or omit to do with respect to the reserve account. Subject to any limitations set by applicable law, if the amount so estimated and paid shall prove to be insufficient to pay such taxes, assessments and other charges, Borrower shall pay the difference as required by Lender. All amounts in the reserve account are hereby pledged to further secure the Indebtedness, and Lender is hereby authorized to withdraw and apply such amounts on the Indebtedness upon the occurrence of an Event of Default as described above.

**PERSONAL FINANCIAL STATEMENT OF BORROWER(S).** Borrower shall deliver or cause to be delivered to Lender within sixty (60) days after the end of each calendar year, personal financial statements containing a balance sheet and income statement of each Borrower, certified by said Borrower as fairly representing said Borrower's financial condition as of the end of such period.

**TAX RETURNS OF BORROWER(S).** Borrower shall deliver or cause to be delivered within thirty (30) days after filing with the Internal Revenue Service, a copy of each Borrower's federal income tax returns as filed, including all schedules and attachments.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: MB Financial Bank, N.A. Loan Servicing 6111 N. River Road Rosemont, IL 60018.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Each Borrower understands and agrees that, with or without notice to Borrower, Lender may with respect to any other Borrower (a) make one or more additional secured or unsecured loans or otherwise extend additional credit; (b) alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of any indebtedness, including increases and decreases of the rate of interest on the indebtedness; (c) exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any security, with or without the substitution of new collateral; (d) apply such security and direct the order or manner of sale thereof, including without limitation, any non-judicial sale permitted by the terms of the controlling security agreements, as Lender in its discretion may determine; (e) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or other guarantors on any terms or in any manner Lender may choose; and (f) determine how, when and what application of payments and credits shall be made on any other indebtedness owing by such other Borrower. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**ILLINOIS INSURANCE NOTICE.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in the collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by their agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on Borrower's own.

PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. EACH BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

x _____ *(signature)*
Juan Yepez

x _____ *(signature)*
Veronica Yepez

<u>ALLONGE TO NOTE</u> ███

ALLONGE to that certain note dated 2/15/2010 in the original principal amount of $173,464.52, executed by JUAN G. YEPEZ AND VERONICA YEPEZ, jointly and severally, in favor of MB Financial Bank, N.A. ("MB"), as renewed, amended or modified (the "Note").

The Note shall be endorsed as follows:

Pay to the order of ColFin Bulls Funding A, LLC, a Delaware limited liability, having an address at 2450 Broadway, 6th Floor, Santa Monica, California 90404, and its successors and assigns ("Payee").

This Allonge is made without recourse and without any representation or warranty of any kind whatsoever, express or implied, or by operation of law, except those certain representations and warranties made by MB in favor of Payee that are expressly set forth in Sections 4.1 and 4.2 of that certain Loan Purchase Agreement dated as of June 16, 2011 between MB and Payee to the extent that, and only for so long as, such representations and warranties survive the Closing (as defined in the Loan Purchase Agreement). Payee's remedies upon a breach in any material respect of any such representations and warranties are limited solely to those remedies of Payee expressly set forth in Sections 8 and 9 of the Loan Purchase Agreement.

Dated as of: June __, 2011

MB FINANCIAL BANK, N.A.

By: _____
Name: Thomas E. Prothero
Title: SVP - COO

## ENDORSEMENT AND ALLONGE TO PROMISSORY NOTE

This Endorsement and Allonge to Promissory Note to be attached to, and made an integral part of, the instrument described, below:

PAY to the order of Colfin Bulls A Finance Sub, LLC, a Delaware limited liability company, without warranty, representation or recourse of any kind, that certain Note dated 2/15/2010, in the original principal amount of $173,464.52, made by JUAN G. YEPEZ AND VERONICA YEPEZ, together with any and all amendments and modifications thereof, if any.

Date: March 24, 2012

COLFIN BULLS FUNDING A, LLC, a Delaware limited liability company

By: _____
Name: Mark M. Hedstrom
Its:    Vice President

## ALLONGE

Allonge to that certain note dated February 15, 2010 in the original principal amount of $173,464.52 executed by Juan Yepez and Veronica Yepez in favor of MB Financial Bank, N.A. to be endorsed as follows:

Pay to the order of McCormick 103, LLC, a Maryland limited liability company., without recourse, representation or warranty except for the undersigned's representations and warranties set forth in that certain Note Purchase Agreement dated as of September 15, 2017 by and between Colfin Bulls A Finance Sub, LLC, a Delaware limited liability company ("Assignor") and McCormick 103, LLC, a Maryland limited liability company ("Assignee").

WITNESS the due execution hereof this 1st day of November, 2017

By: Matthew Bramhall (Print Name)

_____ (Signature)

As Attorney in Fact for Colfin Bulls A Finance Sub, LLC,
a Delaware limited liability company ("Assignor")

The Allonge will be "affixed" to the Note and is hereby made part of thereof.